Wright, J.
With regard to the demurrer to the petition, we remark : The petition alleges that the guardian filed a paper purporting to be a final settlement of his accounts as .guardian; that, at the date of filing of said pretended account, there was due from the defendant to plaintiff a certain sum, a small part of which has been paid, and defendant has promised to pay the balance.
*163 It is alleged that, at the date of the final settlement, a .sum was due. If that settlement had found an amount to he due from the guardian to the ward, an action could he maintained to recover that amount, as was done in Favorite v. Borher’s Adm’r, 17 Ohio St. 548.
It is hardly necessary to aver in what particular way this amount was determined. It is averred that a sum is due, and the party promised to pay it. This, we think, is sufficient, and there was no error in overruling the demurrer to the petition.
The second clause of the reply is demurred to. This clause, in effect, avers that the proceedings in the prohate •court were a fraud, and, therefore, the plaintiff should not he barred of his right to recover. This demurrer raises an immaterial issue. As will hereafter appear, it is of no consequence whether the settlement in the probate court was fraudulent or not.
The case does not at all turn upon the merits of that settlement, and may be disposed of without considering whether it is proper or improper, or entering into or reviewing it in any way.
It is very possible that the plaintiff may have thought it necessary to attack the guardian’s accounts for fraud, and have them set aside and reviewed, in order to maintain the suit; but we think that the proper results can be obtained without any such action. In the opinion of a majority of the court, neither the jurisdiction of the probate court nor the finality of its action are involved in the decision of the case.
The ground of those demurrers and upon which the action is most strenuously defended is that all matters perT taining thereto belong to the probate court, and jurisdiction thereof can not be entertained elsewhere. The account of the guardian had been closed and settled in that court, and to all appearances he had paid to his ward every cent that was due her, although it stands admitted that such was not the fact.
The 31st section of the act relative to guardian and ward *164 provides that the settlement made in the probate court of the guardian’s accounts shall be final between him and his ward, unless appealed from to the common pleas, with a further provision that such settlement may be attacked for fraud within two years. 1 S. & C. 677.
It is therefore claimed by the defendant that this voucher of $450 for board, schooling, and clothing, constitutes a proper charge, which can not now be inquired into, although it might be made to appear in the first place that the father was bound in law to provide these things for his child ; in the second place, that her work and labor had fully compensated therefor; and in the third place, in the matter of schooling, that nothing at all had been paid, as the girl only attended the public schools.
In the view we take of the case, it is not necessary to consider this voucher at all. It is not an element upon which we proceed in our decision, and it may be laid entirely out of view. "We therefore dismiss it as entitled to no further consideration.
As to the item of $291.14, her receipt, it is true, appears in the settlement account as though the ward had received the money. But upon the trial, the father and guardian himself says it never was paid. Although he attaches to-his answer a long account of items furnished her as an offset to the amount due, in his evidence he makes no attempt whatever to prove the truth of that account, but passes it silently by as though it never existed.
To maintain this action, as has been already intimated, it is not necessary at all to interfere with the proceedings of the probate court. Its accounts may remain finally settled, and not now to be disturbed. Considering the case with all the facts before us as set out in the pleadings and bill of exceptions, we may illustrate the views we take by reference to this very voucher of $291.14, the settlement with the probate court shows that it was paid, and the settlement is a final one. The finality, perhaps, is such that it would bar the ward from any proceeding against the' guardian as guardian, or against his sureties. But suppose *165 the money was not paid, as is- admitted to be the case ; suppose the ward consented to such settlement for the purpose of closing up the accounts and releasing the sureties, the guardian agreeing to become responsible in his individual capacity, and agreeing to pay the money, can it be said that an action to enforce that agreement is a reopening the accounts in the probate court ? We think not. The action is based upon the finality of that settlement. It is not against the guardian as such, nor his sureties — it is upon a new and independent contract, the foundation of which is that the accounts are closed, sureties released, and other individual responsibility substituted therefor.
Suppose the guardian, instead of giving himself as the person who should pay the money, had given another who had assumed the obligation, or suppose he had given the note of another in payment of the amount found due, and which the settlement showed was paid, could an action on such note be claimed to be an opening and reviewing of the proceedings in the probate court ?
The case, then, stands thus. It is admitted that the $291.14 was not paid at the time of the settlement. The guardian claims that since,he has paid a large amount, exactly how much is in dispute, but he admits that something is still due, which he is ready to pay. He admits, therefore, that judgment against him must be rendered for some sum. Then comes this agreement in the bill of exceptions :
“ It was agreed between the parties, with consent of the court, that if the judgment of the court shall be for the plaintiff in this trial, that for the purposes of this trial only, and to save an inquiry at this time as to the amount paid plaintiff by the defendant, said judgment shall be for $705.30.”
What else could the court do than render the judgment it did, which was for $705.30.

Judgment of the district court affirmed.